IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THORNTON CARROLL, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-1041-LPS |
| ABM JANITORIAL SERVICES-MID ATLANTIC, INC., | : | |
| Defendant. | : | |

Thornton Carroll, Wilmington, Delaware, Pro Se Plaintiff.

Christopher D. Loizides, Esquire, Loizides & Associates, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 4, 2012
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Thornton Carroll ("Plaintiff") filed this action on October 28, 2011, alleging employment discrimination, violations of his civil rights, and defamation. (D.I. 2) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. In addition, Plaintiff asserts jurisdiction by reason of diversity of the parties. Presently before the Court is Plaintiff's motion to amend and motion to extend discovery deadlines, as well as Defendants' oppositions to these motions. (D.I. 14, 16, 27, 29) For the reasons that follow, the Court will deny the motion to amend and will grant the motion to extend discovery deadlines.

## II. BACKGROUND

On September 20, 2001, Plaintiff was hired as a cleaner for Brandywine Building Services, Inc. ("BBS"). Plaintiff remained employed after BBS was acquired by Defendant ABM Janitorial Services-Mid Atlantic, Inc. ("Defendant") on January 1, 2006. On August 10, 2009, Plaintiff was informed by his employer that he was being terminated for violation of a company policy. At the time, Plaintiff held the position of project manager. When Plaintiff questioned his termination, ABM Regional Manager Rich Strazzella ("Strazzella") told him that he would send him a letter. ABM Senior Operations Manager Mark DeLucia ("DeLucia") was present at the meeting, but said nothing. Plaintiff later learned the reason for his termination when he sought unemployment benefits from the Delaware Department of Labor. It was alleged that he allowed employees to leave work early on July 3, 2009, but clocked them out at the end of the shift, so that it appeared the employees worked the entire shift. Plaintiff denies taking such action. He alleges that he was not terminated for just cause and that his civil rights were

1

violated. He further alleges that he was not given a fair hearing to defend his name and reputation.

Defendant addressed the time clock issue during unemployment compensation hearings and in correspondence with the Equal Employment Opportunity Commission ("EEOC").[1] Plaintiff alleges that Defendant made slanderous, libelous, and derogatory false statements to the EEOC. Plaintiff also alleges retaliation based on Defendant's refusal to permit him to return to his office to retrieve personal belongings and because these belongings were never returned to him. In addition, Defendant cancelled Plaintiff's life insurance without notification to him.

On February 27, 2012, the Court entered a scheduling order that set a March 27, 2012 deadline to amend pleadings. (*See* D.I. 11) Plaintiff filed the instant motion to amend on March 26, 2012. He seeks to add as defendants DeLucia, Strazzella and ABM Project Manager Ardrell Weaver ("Weaver"). Defendant opposes the motion. Plaintiff has also filed a motion for an extension of time to complete discovery. (D.I. 27) Again, defendant opposes the motion. (D.I. 29)

## III.   LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its

---

[1] Plaintiff filed a charge with the EEOC alleging employment discrimination by reason of race discrimination. His notice of right to sue letter is dated August 2, 2011.

2

pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the Court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

IV. **DISCUSSION**

A. **Statute of Limitations**

Plaintiff moves to add Delaware tort claims of defamation and intentional infliction of emotional distress. Defendant opposes amendment on a number of grounds, including that the proposed tort claims are time-barred. The relevant state statute of limitations for most tort claims in Delaware is two years. *See* 10 Del. C. § 8119. Plaintiff's belated effort to join DeLucia,

3

Strazzella, and Weaver fails because he identified these three individuals by name in the complaint and its exhibits, yet failed to assert claims against them at that time. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 221-22 (3d Cir. 2003) ("[A]n amended complaint will not relate back if the plaintiff had been aware of the newly named parties when he filed her original complaint and simply chose not to sue them at that time."); *see also Lape v. Pennsylvania*, 157 F. App'x 491 (3d Cir. Nov. 22, 2005) (not reported). Accordingly, amendment is futile as to the tort claims.

### B. <u>Wrongful Termination</u>

The proposed amended complaint seeks to add claims against DeLucia, Strazzella, and Weaver for intentionally and maliciously terminating plaintiff's employment. Defendant argues futility of amendment, on the basis that employees acting within the scope of their employment cannot be held liable for wrongfully terminating another employee. Defendant relies upon *Nelson v. Fleet N'tl Bank*, 949 F. Supp. 254, 259 (D. Del. 1996).

The allegations in the complaint and the proposed amended complaint indicate that Plaintiff had an employment contract, if any, with Defendant and not with the proposed individual defendants. Hence, the individual defendants cannot be held liable for wrongful termination. *See Harris v. Dependable Used Cars, Inc.*, 1997 WL 358302, at *1 (Del. Super. Ct. 1997) (citing Delaware Rule that "where the principal is disclosed, only the principal is liable . . . not the agent") (internal quotation marks omitted); *see also Brooks v. Fiore*, 2001 WL 1218448 (D. Del. Oct. 11, 2001) (summary judgment granted where employee had employment contract with company and, therefore, under principal/agent theory, company's decisionmaker could not

be held liable for wrongful termination). Because the proposed individual defendants cannot be held liable for Plaintiff's wrongful termination, amendment is futile.

### C. <u>Discovery Deadlines</u>

Plaintiff seeks a one month extension to complete discovery. (D.I. 27) The Court will grant the motion.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will deny the Motion to Amend (D.I. 14) and will grant the motion to extend discovery deadlines (D.I. 27).

An appropriate Order will be entered.